UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LIDYA RADIN,

                              Plaintiff,                04 Civ. 704 (RPP)

         - against -

                                                 **OPINION AND ORDER**

ALBERT EINSTEIN COLLEGE OF MEDICINE
OF YESHIVA UNIVERSITY, YESHIVA
UNIVERSITY, NORMAN LAMM, RICHARD
M. JOEL, DOMINICK P. PURPURA, MICHAEL J.
REICHGOTT, TODD R. OLSON, JAMES DAVID,
JANICE O. BENNETT, COMMITTEE ON STUDENT
PROMOTIONS OF ALBERT EINSTEIN COLLEGE
OF MEDICINE 1994 TO 1998, and JOHN DOES 1 TO 50,

                              Defendants.
------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       Plaintiff (1) moves for reconsideration of this Court's August 24, 2006 Opinion and Order denying Plaintiff's October 13, 2005 Rule 60(b) motion for reconsideration of this Court's May 20, 2005 decision; (2) requests consideration of her May 22, 2006 60(b) motion for reconsideration of the May 20, 2005 decision; and (3) requests a change of venue to the Third Circuit. (Letter, Sep. 8, 2006.)

       On May 20, 2005, this Court dismissed Plaintiff's Complaint.  On October 13, 2005 Plaintiff made a motion for reconsideration of the May 20, 2005 decision pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  By order on October 17, 2005, this Court declined to entertain the motion because an appeal of the May 20 decision was pending.  On May 22, 2006 Plaintiff attempted to file an additional, voluminous, motion for reconsideration.  This motion was not accepted by the Court for filing since Plaintiff had already filed a motion for reconsideration that was stayed pending resolution of the

appeal.  On August 3, 2006, the Second Circuit dismissed Plaintiff's appeal.  Given jurisdiction over Plaintiff's motion for reconsideration pursuant to a mandate from the Second Circuit on August 24, 2006, this Court denied Plaintiff's October 13, 2005 motion for reconsideration and closed Plaintiff's case.

By letter on September 8, 2006, Plaintiff requested (1) reconsideration of the August 24, 2006 Opinion and Order, which denied Plaintiff's October 13, 2005 motion for reconsideration; (2) consideration of Plaintiff's May 22, 2006 Rule 60(b) motion which was ultimately filed on September 8, 2006;[1] and (3) a change in venue to the Third Circuit.

**(1)  Reconsideration of the August 24, 2006 Opinion and Order**

Plaintiff's motion for reconsideration of the August 24, 2006 Opinion and Order is presumably made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 6.3.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam) (directing pleadings by pro se litigants to be construed liberally).  "[A] motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue."  Derienzo v. Metropolitan Trans. Auth., 2006 WL 2563770, at *3 (S.D.N.Y. Sept. 6, 2006) (citing Davis v. The Gap, Inc., 186 F.R.D. 322, 324 (S.D.N.Y. 1999)).  "Because the reviewing standard is strict, motions for reconsideration are usually denied unless the movant offers controlling decisions or facts that the court had originally overlooked, and which the movant could reasonably believe would have altered the court's original decision."  Derienzo, 2006 WL 2563770, at *2 (citing Shrader v. CSX Transp., Inc ., 70 F.3d 255, 257 (2d Cir. 1995)).

---

[1] The May 22, 2006 motion was originally rejected for filing because of the pending appeal.

In her September 8, 2006 letter, Plaintiff does not cite any controlling decisions or offer any relevant facts that were not already considered by this Court when reviewing Plaintiff's October 13, 2005 motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  The Court acknowledges that in issuing its August 24, 2006 decision, it erroneously stated that Plaintiff had been advised by Albert Einstein College of Medicine of Yeshiva University ("AECOM") of the procedures under the Misconduct Policy.  (Op. and Order, Aug. 24, 2006 at 4.)  As made clear in the Opinion and Order of May 20, 2005, however, Plaintiff was suspended in June 1996 under the procedures of AECOM's draft Policy on Students with Psychiatric Illness and was involuntarily withdrawn under those procedures upon recommendation of the Committee on Student Promotions after her refusals over an eighteen month period to comply with these procedures as set forth in the Student Guide (1997-1998) which included an appellate hearing before that committee.  (Op. and Order, May 20, 2005 at 21-26.)

Review of Mr. Riesel's Affidavit and exhibits demonstrate that he did not commit perjury as represented in Plaintiff's letter. (Riesel Aff., July 14, 2004 at Ex. C, F.) Furthermore, since Plaintiff's motion did not refer to any controlling decisions or any other facts that the Court overlooked in rendering its August 24, 2006 and May 20, 2005 decisions, in all other respects the motion is denied.

**(2)  Consideration of Plaintiff's May 22, 2006 Rule 60(b) motion**

Plaintiff's May 22, 2006 motion was rejected because the Court lacked jurisdiction over the matter absent an order from the Court of Appeals to entertain the motion.  See Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992).[2]

Plaintiff's May 22, 2006 motion for reconsideration does not provide any material basis for reconsideration of the May 2005 dismissal of her Complaint that was not raised by Plaintiff's October 13, 2005 motion for reconsideration, which has already been considered and denied by Opinion and Order on August 24, 2006.  First, the accusations of misconduct against opposing counsel in the May 22, 2006 letter are identical to those in the October 13, 2005 letter.  Second, the May 22, 2006 letter's claims of newly discovered evidence based on documents related to complaints by other former AECOM students do not constitute newly discovered evidence relating to whether Plaintiff's Complaint had to be dismissed for failure to comply with the relevant statutes of limitations applicable to each claim.  Third, Plaintiff's claims of grand larceny related to Sallie Mae's apparent efforts to recover the student loans to Plaintiff made to Plaintiff during her matriculation at AECOM were not raised in Plaintiff's Complaint and therefore provide no basis for relief under a Rule 60(b) motion.  Finally, Plaintiff's claim that Yeshiva University, by holding itself out as a non-denominational school, is "stealing" from "state and federal taxpayers" is not relevant to the claims dismissed by the May 22, 2005 Opinion and Order.

---

[2] Defense counsel's analysis that Plaintiff's May 22, 2006 Rule 60(b) motion is untimely since it was filed more than a year after this Court's May 20, 2005 decision is erroneous. (Def. Mem. 8.)  As pointed out by Plaintiff in her reply memorandum, May 20, 2006 was a Saturday; thus, her motion was timely.  Fed. R. Civ. Pro. 6(a).

Accordingly, Plaintiff's May 22, 2006 motion for relief from the judgment is denied. (See Op. and Order, Aug. 24, 2006.)

### (3) Change in venue to the Third Circuit

Plaintiff also requests a change of venue to the Third Circuit. (Letter, Sep. 8, 2006 at 1.) Plaintiff's Complaint has already been dismissed by this Court; that decision was upheld by the Second Circuit. Accordingly, there is no case to transfer to the Third Circuit. In any event, there is no basis in Plaintiff's Complaint for a change in venue. All the alleged actions that form the basis of her Complaint occurred in New York. Accordingly venue could not be found in the Third Circuit. The motion to change venue is denied.

Decisions on all issues having been completed, this case is CLOSED.

IT IS SO ORDERED.

Dated: New York, New York
January 18, 2007

Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Order sent to:

*Plaintiff*
Lidya Radin
278 Third Street, #1
Jersey City, New Jersey 07302
Tel:    718-496-8775

*Counsel for Defendants*
Sive, Paget & Riesel, P.C.
460 Park Avenue
New York, New York 10022
By:    Daniel Riesel
       Kate Sinding
Tel:    212-421-2150
Fax:    212-421-2035